**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

LYNN WILSON, )
 )
       Petitioner, )
 )
v. ) No. 1:11-cv-147-SEB-MJD
 )
WENDY KNIGHT, )
 )
       Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Lynn Wilson for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I.**

**A.**

Wilson is at an Indiana prison serving a 23-year sentence imposed for his 2006 Marion County conviction for possession of a firearm as a serious violent felon and an habitual offender adjudication. He asserts that his conviction is infirm because he was denied the effective assistance of appellate counsel. The respondent asserts that Wilson's habeas petition was not timely filed. Wilson has not replied to the respondent's argument.

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

**C.**

The facts pertinent to the computation of the statute of limitations are the following:

- Following a jury trial, on June 1, 2006, Wilson was found guilty of the firearms charge. After a mistrial as to the habitual offender count, Wilson was retried on that count and was adjudicated an habitual offender. He was sentenced on July 25, 2006.

- Wilson filed a notice of appeal. The Indiana Court of Appeals affirmed his conviction and sentence on April 23, 2007. Wilson did not seek review by the Indiana Supreme Court.

- On April 17, 2009, Wilson filed a petition for state post-conviction relief raising a claim of ineffective assistance of counsel for failing to raise a claim on appeal challenging the trial court's adjudication as an habitual offender by using the same felony used to establish that Wilson was a serious felon. The trial court granted Wilson's petition. The State appealed this decision and on October 29, 2010, the Indiana Court of Appeals reversed the post-conviction court. Wilson sought review by the Indiana Supreme Court. The Indiana Supreme Court denied transfer on January 6, 2011.

- Wilson signed his petition for a writ of habeas corpus on January 28, 2011.

**D.**

The legal significance of the foregoing facts is the following:

- Wilson's conviction became final on May 23, 2007, the date when the time to seek direct review from the judgment affirming the conviction expired.

- Wilson had until May 23, 2008, to file a habeas petition or have a properly filed petition for post-conviction relief pending in state court.

- Wilson did not file his petition for post-conviction relief until April 17, 2009, almost a year after the statute of limitations had expired.

The statute of limitations established by 28 U.S.C. 2244(d) expired May 23, 2008. Thus, Wilson's habeas petition was filed more than two years after the statute of limitations expired. The later post-conviction litigation has no effect on the statute of limitations computation. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

**E.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Wilson has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Wilson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/06/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana